UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEITH M. RAGANS,**

    **Plaintiff,**

v.                                        Case No. 8:10-cv-828-T-23TBM

**S.L. SMITH, Service Center
Manager, individually and in
his or her capacity with the
Veterans Affairs,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 3), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.[1] While his affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action, because the court lacks subject matter jurisdiction to consider

---

[1]In pertinent part, 28 U.S.C. § 1915, provides:
    Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
28 U.S.C. § 1915(a).

Plaintiff's claim for Veteran's Administration pension benefits, I recommend that the court dismiss this action.

By his Complaint, Plaintiff sues S.L. Smith individually and in his/her capacity as the Service Center Manager with the Veterans Affairs. (Doc. 1).[2] While the allegations are mostly rambling and unintelligible, what I can glean from the Complaint and attachments is that Plaintiff appears to be challenging the denial of his application for disability pension benefits from the U.S. Department of Veterans Affairs. He attempts to pursue his benefits under 42 U.S.C. § 1983, alleging his rights have been violated due to the taking of his "real monetary property" of which he "does not no the exact amount."[3] (Doc. 1 at 4-5).

In response to his efforts to obtain disability pension benefits, he received correspondence from the Department of Veterans Affairs indicating that such benefits were granted to him effective June 17, 2008. (Doc. 1 at 9). The letter goes on to state, "[i]f any individual to or for whom pension is being paid under a public or private law administered by the Department of Veterans Affairs is imprisoned in a Federal, State or local penal institution as the result of conviction of a felony or misdemeanor, such pension payments will be discontinued effective on the 61st day of imprisonment following conviction." *Id.* Plaintiff's

---

[2]Plaintiff also files exhibits in support of his complaint. In addition to a unilaterally prepared Case Management Report, the exhibits consist of documents from the Department of Veterans Affairs, including a "Rating Decision" dated July 6, 2009, Hillsborough County Criminal Court System Case Progress notes, and copies of correspondence Plaintiff has sent to the Department of Veterans Affairs. *See* (Doc. 4). Most or all of these records were already attached as exhibits to Doc. 1.

[3]Plaintiff also makes reference to violations of various Florida statutes, including Fla. Stat. §§ 768.28(9), 760.51, and 839.014. (Doc. 1 at 2-3).

filings reflect that he is currently incarcerated at Jefferson Correctional Institution. However, while the attachments to Plaintiff's Complaint reference a sentence date of January 10, 2008, (Doc. 1 at 9), Plaintiff urges that his imprisonment did not begin, in fact, until July 20, 2009 (Doc. 1-1 at 1, 4).[4] Because his January 10, 2008, sentencing was for "probation" and not "imprisonment," he urges he is entitled to benefits from the date in which the benefits were initially granted as of June 17, 2008. *Id.* at 5. Specifically, he seeks "retroactive" payment of his benefits from June 17, 2008, to July 6, 2009. *Id.* at 4. Plaintiff's Complaint contains no allegations against S.L. Smith individually.

Plaintiff's complaint is essentially an action to obtain retroactive Veterans Administration benefits. Because this court lacks subject matter jurisdiction to hear such matters, Plaintiff's claim must be dismissed.

In pertinent part, 38 U.S.C. § 511 provides

(a) The Secretary [of the U.S. Department of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). In 1988, Congress enacted the Veterans' Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA"), which sets forth the framework for the adjudication of claims for veterans' benefits.

---

[4] Plaintiff's attaches as an exhibit the "Hillsborough County Criminal Court System on Demand Case Progress" notes in support of his argument that his imprisonment commenced July 20, 2009. *See* (Doc. 1-1 at 3).

3

> [D]eterminations of the Secretary may be appealed to the Board of Veterans' Appeal ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA. 38 U.S.C. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292(a), which has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." . . . The judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. 38 U.S.C. § 7292(c).

*Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). Thus, under this framework, judicial review of decisions regarding Plaintiff's entitlement to and amount of his veterans' benefits may only be had by appealing to the Board and thereafter the Court of Veterans Appeals, the Federal Circuit Court of Appeals, and then the U.S. Supreme Court. *Id.* While Plaintiff couches his allegations in terms of a constitutional violation, *i.e.*, Section 1983, he nevertheless is challenging a denial of his benefits, and the district court lacks jurisdiction to consider Plaintiff's claim for veterans' benefits.[5] *See e.g., Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("courts do not acquire jurisdiction to hear challenges to benefits determination merely because those challenges are cloaked in constitutional terms").

As for Plaintiff's vague references to various Florida statutes, the court need not consider whether Plaintiff states a statutory violation under Florida law, as "once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist,

---

[5]Dismissal is also warranted on immunity grounds. The United States has not waived its sovereign immunity to claims for constitutional torts. *See United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes.").

4

courts must dismiss a plaintiff's state law claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir.1999). Lastly, as to Plaintiff's claim against S.L. Smith in an individual capacity, such claim must fail. Plaintiff asserts no factual allegations about Smith which would give rise to any individual liability.

For these reasons, I recommend that the court **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction.

Respectfully submitted on this<br>
14th day of July 2010.

*/s/ Thomas B. McCoun III*<br>
THOMAS B. McCOUN III<br>
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
*Pro se* Plaintiff